MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
ALVARO VARELA , *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

NANOOSH MADISON LLC. (d/b/a Nanoosh ),NANOOSH ROCKS LLC (d/b/a Nanoosh), DAVID KOSTMAN, ZWIKA PRES, and HUGO DOE

*Defendants.*
-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alvaro Varela ("Plaintiff Varela" or "Mr. Varela"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Nanoosh Madison LLC. (d/b/a Nanoosh), NANOOSH ROCKS LLC (d/b/a Nanoosh) ("Defendant Corporations"), and individual Defendants David Kostman, Zwika Pres, and Hugo Doe alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Varela is a former employee of defendants Nanoosh Madison LLC. (d/b/a Nanoosh), Nanoosh Rocks LLC (d/b/a Nanoosh), David Kostman, Zwika Pres and Hugo Doe (collectively "Defendants").

2. Defendants own, operate, or control a set of Mediterranean restaurants one of which is located at 173 Madison Avenue, New York, New York 10016, which operates under the names Nanoosh, respectively.

3. Upon information and belief, individual defendants David Kostman, Zwika Pres, and Hugo Doe serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Mediterranean restaurant/catering service as a joint or unified enterprise.

4. Plaintiff Varela was ostensibly employed as a delivery worker, but he was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to carrying down and storing items in the basement, bringing up sodas and water bottles and refilling the refrigerator, bringing up boxes of delivery paper and plastic bags an placing them in the counter , taking out the garbage, sweeping and mopping, washing trays in the back of the restaurant, going to other locations and bringing missing items for the preparation line , packing deliveries, refilling tiny containers with red and green sauce, preparing cups with ice tea, lemonade, and other drinks , mixing lemon ice tea and refilling cups and placing the cups in the counter (hereinafter the "non-tipped, non-delivery duties").

5. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Varela and other employees to work without providing them the minimum wage required by federal and state law and regulations.

6. Defendants employed and accounted for Plaintiff Varela as a delivery worker in their payroll, but in actuality Plaintiff Varela's duties required a significant amount of time spent in non-tipped, non-delivery duties.

7. Regardless, at all times Defendants paid Plaintiff Varela at a rate that was lower than the minimum wage rate.

8. In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Varela's non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. §146).

9. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Varela's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Varela at the minimum wage rate and enabled him to pay Plaintiff Varela a lower rate.

10. Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Varela's and other tipped employee's tips and made unlawful deductions from Plaintiff Varela's and other tipped employee's wages.

11. Defendants' conduct extended beyond Plaintiff Varela to all other similarly situated employees.

12. Plaintiff Varela now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff Varela seeks certification of this action as a collective action on behalf of himself, individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Varela's state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate their Mediterranean restaurants in this district. Further, Plaintiff Varela was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff*

16. Plaintiff Alvaro Varela ("Plaintiff Varela" or "Mr. Varela") is an adult individual residing in Bronx County, New York. Plaintiff Varela was employed by Defendants from approximately September 2013 until on or about October 13, 2016.

17. Plaintiff Varela consents to being a party plaintiff pursuant to 29 U.S.C. 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

### *Defendants*

18. At all relevant times, Defendants own, operate, or control a Mediterranean restaurant/catering service located at 173 Madison Avenue, New York, New York 10016 operating under the name Nanoosh.

19. Upon information and belief, Nanoosh Madison LLC. (d/b/a Nanoosh) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 173 Madison Avenue, New York, New York 10016.

20. Upon information and belief, Nanoosh Rocks LLC (d/b/a Nanoosh) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 173 Madison Avenue, New York, New York 10016.

21. Defendant David Kostman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Kostman is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant David Kostman possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Varela, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Zwika Pres is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Zwika Pres is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Zwika Pres possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Varela, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Hugo Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hugo Doe is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Hugo Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Varela, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate a Mediterranean restaurant/catering service located in the Midtown East section of Manhattan in New York City.

25. Individual defendants, David Kostman, Zwika Pres and Hugo Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Varela's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Varela, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Varela (and all similarly situated employees) and are Plaintiff Varela's (and all similarly situated employees) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Varela and/or similarly situated individuals.

30. Upon information and belief, individual defendants David Kostman, Zwika Pres and Hugo Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these entities as closed corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Varela's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Varela, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Varela's services.

32. In each year from 2013, to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Mediterranean restaurant/catering service on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Varela is a former employee of Defendants who was ostensibly employed as a delivery worker. However, he spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

35. Plaintiff Varela seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alvaro Varela*

36. Plaintiff Varela was employed by Defendants from approximately September 2013 until on or about October 13, 2016.

37. Defendants ostensibly employed Plaintiff Varela as a delivery worker.

38. However, Plaintiff Varela was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

39. Although Plaintiff Varela was ostensibly employed as a delivery worker, he spent more than twenty percent of each day performing non-delivery work throughout his employment with Defendants.

40. Plaintiff Varela regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41. Plaintiff Varela's work duties required neither discretion nor independent judgment.

42. From approximately September 2013 until on or about September 2014, Plaintiff Varela worked from approximately 11:00 a.m. until on or about 3:30 p.m. Mondays through Fridays (typically 22.5 hours per week).

43. From approximately September 2014 until on or about October 13, 2016, Plaintiff Varela worked from approximately 11:00 a.m. until on or about 3:00 p.m. Mondays through Fridays (typically 20 hours per week).

44. Throughout his employment with defendants, Plaintiff Varela was paid his wages by check.

45. From approximately September 2013 until on or about February 2016, Defendants paid Plaintiff Varela $7.00 per hour.

46. From approximately February 2016 until on or about October 13, 2016, defendants paid Plaintiff Varela $8.50 per hour.

47. Defendants never granted Plaintiff Varela any break or meal periods of any length.

48. Plaintiff Varela was never notified by Defendants that his tips were being included as an offset for wages.

49. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Varela's wages.

50. Defendants illegally withheld a portion of the tips that Plaintiff Varela earned from customers; specifically, Defendants retained a considerable portion of Plaintiff Varela's catering delivery tips.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Varela regarding overtime and wages under the FLSA and NYLL.

52. Defendants never gave any notice to Plaintiff Varela, in English and in Spanish (Plaintiff Varela's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff Varela to purchase "tools of the trade" with his own funds—including six bicycles, new sets of breaks every two months, new tires three times a year, tire tubes every month, a helmet, a set of lights and a lock and chain set.

*Defendants' General Employment Practices*

54. Defendants regularly required their employees, including Plaintiff Varela, to work without paying them the proper minimum wage.

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Varela (and all similarly situated employees) to work without paying them appropriate minimum wage, as required by federal and state laws.

56. At no time did Defendants inform their employees, including Plaintiff Varela, that they had reduced their hourly wages by a tip allowance.

57. Defendants required all delivery workers, including Plaintiff Varela, to perform general non-delivery, non-tipped restaurant/catering service tasks in addition to their primary duties as delivery workers.

58. Plaintiff Varela, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

59. Plaintiff Varela and all other delivery workers were not paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff Varela's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

60. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

61. The delivery workers', including Plaintiff Varela's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant/catering service work with duties, including the non-tipped duties described above.

62. In violation of federal and state law as codified above, Defendants classified Plaintiff Varela and other delivery workers as tipped employees, and did not pay them at the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

63. As part of its regular business practice, Defendants intentionally, willfully, and

repeatedly harmed Plaintiff Varela by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

64. Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Varela, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

65. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

66. Defendants failed to inform Plaintiff Varela that they intended to take a deduction against Plaintiff Varela's earned wages for tip income, as required by the NYLL before any deduction may be taken.

67. Defendants failed to inform Plaintiff Varela that his tips would be credited towards the payment of the minimum wage.

68. Defendants failed to maintain a record of tips earned by Plaintiff Varela for the deliveries he made to customers.

69. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

70. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Varela and other similarly situated current and former delivery workers.

71. Defendants failed to post at the workplace, or otherwise provide to employees, the

required postings or notices to employee regarding the applicable wage and hour requirements of the FLSA and NYLL.

72. Defendants failed to provide Plaintiff Varela and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73. Defendants failed to provide Plaintiff Varela and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**<u>FLSA COLLECTIVE ACTION CLAIMS</u>**

74. Plaintiff Varela brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

75. At all relevant times, Plaintiff Varela, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

76. At all relevant times, Plaintiff Varela, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage.

77. At all relevant times, Plaintiff Varela, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

78. The claims of Plaintiff Varela stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

79. Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Varela's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Varela, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Varela at the applicable minimum hourly rate.

84. Defendants' failure to pay Plaintiff Varela at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Varela was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

86. Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiff Varela's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Varela, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

88. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Varela less than the minimum wage.

89. Defendants' failure to pay Plaintiff Varela the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Varela was damaged in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

91. Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to provide Plaintiff Varela with a written notice, in English and in Spanish (Plaintiff Varela's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93. Defendants are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

**<u>FOURTH CAUSE OF ACTION</u>**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

94. Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

95. With each payment of wages, Defendants failed to provide Plaintiff Varela with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96. Defendants are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

97. Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

98. Defendants required Plaintiff Varela to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99. Plaintiff Varela was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)**

100. Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

101. At all relevant times, Defendants were Plaintiff Varela's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

102. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to

be a gratuity, for an employee.

103. Defendants unlawfully misappropriated a portion of Plaintiff Varela's tips that were received from customers.

104. Defendants knowingly and intentionally retained a portion of Plaintiff Varela's tips in violations of the NYLL and supporting Department of Labor Regulations.

105. Plaintiff Varela was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Varela respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Varela (including the prospective collective class members);

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Varela's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Varela (including the prospective collective class members);

(e) Awarding Plaintiff Varela (including the prospective collective class members)

damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Varela (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Varela;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Varela's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Varela;

(j) Awarding Plaintiff Varela damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages;

(k) Awarding Plaintiff Varela damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Varela liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Varela (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Varela (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Varela demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 4, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace

Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 17, 2016

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: **Alvaro Varela**

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ____________________

Date / Fecha: 17 de octubre de 2016